UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL J. HILL,

                    Petitioner,                              **ORDER**
                                                        **No. 04-CV-6601(CJS)(VEB)**

      -vs-

CALVIN E. WEST, Superintendent of Elmira
Correctional Facility,

                    Respondent.

_____

      Michael J. Hill ("Hill" or "petitioner"), acting *pro se*, seeks a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 on the basis that his conviction on March 7, 1990, by a guilty plea

to one count of first degree manslaughter in satisfaction of an indictment charging him with

second degree murder, was unconstitutionally obtained. *See* Petition (Dkt. #1). This matter has

been referred to the undersigned for the purpose of, *inter alia*, hearing and deciding all non-

dispositive motions. *See* Dkt. #27. Hill sought and was granted permission to proceed *in forma*

*pauperis*. *See* Dkt. ##5, 6. Hill's application for the appointment of counsel, made in connection

with his *in forma pauperis* application, was denied as premature. *See* Dkt. #6. Hill has again

moved for the appointment of counsel to represent him in connection with his habeas petition.

*See* Dkt. #28.

      Prisoners have no constitutional right to counsel when bringing collateral attacks upon

their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492

U.S. 1 (1989). However, a district court may exercise its discretion to appoint counsel for

indigents in civil cases such as Hill's petition for a writ of habeas corpus; the authority to do so

comes from 28 U.S.C. § 1915(d): "'The court may request an attorney to represent any such

person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue,

or if satisfied that the action is frivolous or malicious.'"   *Hodge v. Police Officers*, 802 F.2d 58,

60 (2d Cir. 1986) (quoting 28 U.S.C. 1915(d)); *accord Hendricks v. Coughlin*, 114 F.3d 390, 392

(2d Cir.1997). "In habeas corpus cases, counsel must be appointed for qualified indigents when a

hearing is required; the court may appoint counsel at an earlier stage if it deems appointment

desirable." *Id.* at 60 (citing Rules Governing Section 2254 Cases in the United States District

Courts, Rule 8(c) and Advisory Committee Notes).

Factors to be assessed by the district court in deciding whether to discretionarily appoint

counsel to represent an indigent petitioner include the following: whether the indigent's claims

seem likely to be of substance, the indigent's ability to investigate the crucial facts concerning his

claim; whether conflicting evidence implicating the need for cross-examination will be the major

proof presented to the fact finder, the indigent's ability to present the case, the complexity of the

legal issues and any specific reason in that case why appointment of counsel would be more

likely to lead to a just determination. *Hodge*, 802 F.2d at 61-62; *accord Hendricks v. Coughlin*,

114 at 392. The Second Circuit explained that not "all, or indeed any, of the factors must be

controlling in a particular case[;]" rather, "[e]ach case must be decided on its own facts." *Id.*

Hill's primary contention is that his trial counsel coerced him into pleading guilty by

telling him that "since it was his first felony he wouldn't receive the maximum sentence for a B

felony, and would more likely get a 3 to 9 [-year sentence]." *See* Respondent's Memorandum of

Law at 5 (Dkt. #10) (quoting Petitioner's Affidavit in Support of Motion to Vacate the Judgment

at para. 2, filed October 5, 2004).  Hill also contends that the factual allocution of his plea was

insufficient because he allegedly never admitted to having participated in the murder; that the

trial judge "intimidated" him through "trickery/fraud" in order to obtain the guilty plea; and that

the prosecutor withheld information about a cooperating witness in violation of the state's

obligation to disclose evidence favorable to the defendant under *Brady v. Maryland*, 373 U.S. 83

(1963), and *Giglio v. United States*, 450 U.S. 150, 154 (1972). *See, e.g.*, Petitioner's

Memorandum of Law in Support of Motion for Evidentiary Hearing at 6-12 (Dkt. #26).  Hill

provides two reasons as to why he is entitled to the appointment of counsel. First, he  contends

that he is "not able to do an adequate job of representing [himself] . . . because of the complexed

[sic] legal issues" presented by his petition. Petitioner's Motion for Appointment of Counsel at 2

(Dkt. #28). The Court has reviewed Hill's habeas petition and respondent's answer to the petition

and memorandum of law, and, even assuming that Hill's petition presents non-frivolous, legally

plausible claims, the legal issues presented petition do not appear to be particularly complex.

Second, Hill alleges that due to unspecified "policies and regulations of the prison" where he is

incarcerated, he is "unable to obtain a written statement" from various unnamed witnesses and

unable to "get in touch with them in any way." *Id.* (Dkt. #28). These conclusory and unsupported

allegations do not provide a basis for this Court to find that an attorney is needed to assist Hill in

investigating the facts to support his claim. Based on Hill's submissions to the Court so far, the

Court sees no reason why the appointment of counsel would be more likely to lead to a just

determination in his case. After reviewing Hill's application in light of the *Hodge* factors, Court

finds that appointment of counsel would not be a warranted exercise of its discretion at this time.

　 Accordingly, the Court denies Hill's motion for appointment of counsel (Dkt. #28)

without prejudice at this time. Hill may renew the motion if an evidentiary hearing is held in this

matter. The Clerk of the Court is direct to send petitioner a copy of the pamphlet "The *Pro Se*

Litigation Guidelines" and a copy of the Local Rules for Civil Procedure in the Western District

of New York.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated:  June 20, 2007
Rochester, New York.