UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL J. HILL, 90-B-0732,

         Petitioner,

        DECISION AND ORDER
  -v-         04-CV-6601CJS

CALVIN E. WEST, Superintendent,
Elmira Corr. Facility,

         Respondent.

---

  In this action, petitioner Michael J. Hill, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2254, alleging that his conviction for Manslaughter in the First Degree, in County Court, Niagara County, State of New York, on February 8, 1990, upon a plea of guilty, was unconstitutionally obtained. Now before the Court is Petitioner's motion for reconsideration pursuant to FRCP 60(b) [#45]. For the reasons that follow, the application is denied.

## BACKGROUND

  The reader is presumed to be familiar with the facts of this case, which were detailed in both a Report and Recommendation [#39] by the Honorable Victor E. Bianchini, United States Magistrate Judge and a Decision and Order [#42] by this Court adopting the Report and Recommendation. For purposes of the instant Decision and Order, it is sufficient to review the procedural history of the case.

  On September 25, 1989, the Niagara County Grand Jury indicted Petitioner and his cousin, Shawn Person ("Person") for Murder in the Second Degree in violation of New York Penal Law ("Penal Law") sections 125.25(1) and 20.00, Murder in the Second Degree in violation of Penal Law sections 125.25(3) and 20.00, Attempted Robbery in the First Degree in violation of Penal Law sections 160.15, 110.00 and 20.00, Criminal Possession

of a Weapon in the Second Degree in violation of Penal Law sections 265.03 and 20.00, and Criminal Use of a Firearm in the First Degree in violation of Penal Law sections 265.09 and 20.00.

On February 5, 1990, Person accepted a plea bargain and pled guilty to one count of Manslaughter in the First Degree, in full satisfaction of the charges against him. As part of his plea colloquy, Person stated that he shot and killed the victim, Shawn Thompson ("Thompson"), because Thompson owed Petitioner a drug debt. Person stated that even though the debt was owed to Petitioner, and not him, he shot Thompson because Petitioner handed him the gun.

On February 8, 1990, Petitioner also accepted a plea offer, and pled guilty to Manslaughter in the First Degree, in full satisfaction of the charges against him. As part of his plea colloquy, Petitioner initially stated that he had given the gun to Person earlier in the day in connection with an unrelated situation, and that he had merely been present when Person shot Thompson. The trial court explained that merely being present was not a crime. The court also recounted the version of facts that Person had given during his plea colloquy. Petitioner then admitted that he was a drug dealer and that Person was his bodyguard. Petitioner further stated that Person was responsible for collecting money owed to Petitioner by drug clients because he was "ruthless." Petitioner stated that on the day of the shooting, he and Person located Thompson, who owed him $450.00, and that he handed a loaded shotgun to Person moments before the shooting. Petitioner stated that Person had told him that he was going to kill Thompson, and he gave the shotgun to Person "to see if he was going to be a man of his word."

2

On December 6, 2004, Petitioner filed the subject habeas petition. The grounds for the petition can be summarized as follows: 1) the plea was involuntary; 2) the conviction was the result of a coerced confession; 3) the prosecution failed to disclose evidence favorable to the defense; 4) Petitioner was not permitted to testify before the Grand Jury; 5) a judge who ruled on one of Petitioner's state collateral attacks had a conflict of interest; and 6) ineffective assistance of counsel. (See, Report and Recommendation [#39] at pp. 3-4). Petitioner alleged that his plea was involuntary because the trial court improperly influenced him into admitting his guilt by telling him Persons's version of the shooting. As for his claim that favorable evidence was withheld, Petitioner claimed that the prosecution failed to disclose a statement by Person's brother, Myron Johns ("Johns"), that would have shown that the shooting was accidental. However, there was no indication that Johns witnessed the shooting. Instead, Johns' involvement appears to have been limited to assisting police in locating the shotgun, based on information that Person related to him after the shooting. As for his claim of ineffective assistance of counsel, Petitioner alleged, for example, that prior to his plea, his attorney "did not inform Petitioner how much time he would actually get beyond possibilities." (Docket No. [#12-2] at 10; see also, [#4] at 24: "Whether outright or mildly, counsel suggested that since it was defendant's first felony he would not be sentence[d] to the max of 8 1/3 to 25 years, and instead would more than likely receive 3 to 9.").

Judge Bianchini, in his Report and Recommendation, concluded that all of Petitioner's grounds lacked merit. For example, Judge Bianchini found that Petitioner's plea was knowing, voluntary, and intelligent, as not the product of threats or coercion. In finding that there was no *Brady* violation with regard to information concerning Johns,

3

Judge Bianchini noted, in relevant part, that "Johns' name appears in a police investigative report that was turned over [to] the defense prior to plea." (Report and Recommendation at pp. 14-15). Judge Bianchini also found that the allegedly-withheld information concerning Johns would not have been material in any event. (*Id*. at 16).

On July 30, 2008, Petitioner filed objections (Docket No. [#40]) to the Report and Recommendation, complaining that Judge Bianchini's analysis of the *Brady* claim was factually mistaken, insofar as it stated that the police report concerning Johns had been turned over to the defense. In that regard, Petitioner stated that he obtained a copy of the report through a Freedom of Information Act ("FOIA") request in 1994. He further stated that the police report "shows that Shawn Person did not willfully pull the trigger, and that we never planned to kill no one." (Objections [#40] at p. 2). On August 6, 2008, Petitioner filed additional objections. (Docket No. [#41]), in which he essentially reiterated the same arguments that were contained in his habeas petition.

On February 25, 2009, the Court issued a Decision and Order [#42], addressing the points to which Petitioner objected, and adopting the Report and Recommendation and dismissing the action. (Decision and Order [#42]).

On April 15, 2009, Petitioner filed a notice of appeal [#44] to the United States Court of Appeals for the Second Circuit.

On May 4, 2009, while the appeal was pending, Petitioner filed the subject motion for reconsideration pursuant to FRCP 60(b). Petitioner states that reconsideration is warranted because the Court "overlooked facts on its record and factually misconstrued the law in its ruling." (Affirmation in Support [#45]). Specifically, Petitioner raised essentially the same claims as before, namely: 1) the plea was involuntary; 2) *Brady*

violation; 3) conflict of interest by Judge; and 4) ineffective assistance of counsel. Additionally, with regard to the voluntariness of the plea, Petitioner now contends that his plea was defective because the trial court did not place him under oath prior to his plea colloquy and did not advise him that he was giving up certain rights by pleading guilty.

On July 27, 2009, the United States Court of Appeals for the Second Circuit dismissed the appeal as untimely. (Mandate [#47]).

DISCUSSION

When Petitioner filed his notice of appeal to the Second Circuit, he divested this Court of the ability to grant his subsequent 60(b) motion without first obtaining permission from the Second Circuit; however, the Court can entertain and deny the application if it lacks merit:

> While the federal rules do permit the district court to "relieve a party or a party's legal representative from a final judgment", *see* Fed.R.Civ.P. 60(b), this circuit has repeatedly held that the docketing of a notice of appeal "ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule." *Ryan v. United States Line Co.*, 303 F.2d 430, 434 (2d Cir.1962).
>
> Consequently, the district court may grant a rule 60(b) motion after an appeal is taken only if the moving party obtains permission from the circuit court. In *Ryan* we noted that the district court can entertain and deny the rule 60(b) motion; however, "if [the district court] decides in favor of it, then and then only is the necessary remand by the court of appeals to be sought." *Id*. at 434. *See also Fidenas AG v. Compagnie Internationale Pour L'Informatique CII Honeywell Bull S.A.*, 606 F.2d 5, 6 n. 1 (2d Cir.1979) (*citing Ryan*). In other words, before the district court may grant a rule 60(b) motion, this court must first give its consent so it can remand the case, thereby returning jurisdiction over the case to the district court.

*Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992).

Here, the Court finds that Petitioner's 60(b) motion lacks merit and must be denied. In that regard, the applicable legal principles are clear:

5

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FRCP 60(b).

Petitioner's application for reconsideration does not satisfy any of the 60(b) requirements. As mentioned above, Petitioner contends that the Court "overlooked facts" and "misconstrued the law." However, the Court disagrees that it overlooked facts or misapplied the law. Moreover, Petitioner's arguments are the same ones that the Court has already considered and rejected. The only exception to this is his new argument that his plea was invalid because he was not placed under oath and was not advised of certain rights.[1] Even assuming, though, that such argument was exhausted, Rule 60(b) does not entitle Petitioner to raise new arguments before this Court that could have been raised earlier. *See, Westport Ins. Corp. v. Goldberger & Dubin, P.C.*, Nos. 06-1427-cv(L), 06-4636-cv(con), 255 Fed. Appx. 593, 2007 WL 4201386 (2d Cir. Nov. 29, 2007) ("New

---

[1] In his Report and Recommendation, Judge Bianchini stated that Petitioner's plea was given under oath, and Petitioner made no objection to that factual finding. (Report & Recommendation [#39] at 11) ("Quite simply, Hill's statements under oath during the plea colloquy belie his claims of coercion, threats, involuntariness, fraud, manipulation, and misrepresentation."). Moreover, even assuming that Petitioner was correct, the failure to place him under oath during his plea would not invalidate the plea. *See, U.S. v. Asaifi*, Criminal Action No. 04-401-02 (RMC), 2007 WL 1322098 at *7 (D.D.C. May 3, 2007) ("[M]ost of the Judges of this Court, including the undersigned, regularly administer an oath to defendants before they enter a plea in order to impress the gravity of the matter upon their minds and to increase the likelihood of truthful answers. However, it is not a legal 'error' to forego placing a defendant under oath for the Rule 11 colloquy that precedes a plea. As [Federal Rule of Criminal Procedure] 11(b)(1) makes clear: 'the defendant *may* be placed under oath ....' (Emphasis added). Thus, this alleged error provides no grounds for withdrawal of his plea."), *appeal dismissed*, 2008 WL 5453969 (D.C. Cir. Dec. 12, 2008); *U.S. v. Sanchez*, 258 F.Supp.2d 650, 663, n. 14 (S.D.Tex. 2003) ("The fact that the Defendant's plea was not made under oath is inconsequential.").

arguments based on hindsight regarding how a movant would have preferred to have argued its case do not provide grounds for Rule 60(b) relief.").

Nor has Petitioner shown that he is entitled to relief under Rule 60(b)(6)'s "catch-all provision," which requires "exceptional circumstances." *See, In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, 593 F.Supp.2d 549, 569, n. 40 (S.D.N.Y. 2008) ("While Rule 60(b)(6) is a catch-all provision that authorizes the court to relieve a party from an order 'for any other reason that justifies relief,' Fed.R.Civ.P. 60(b), courts have found that relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.") (citation and internal quotation marks omitted). In that regard, Petitioner admits that before he pled guilty to the reduced charge of Manslaughter in the First Degree, in full satisfaction of the indictment, and without an agreement as to a sentence, the trial court advised him of the maximum sentence that he could receive, and which he did receive. Further, the trial court advised him that by pleading guilty, he would be giving up rights, including the right to a jury trial and the right to confront and cross-examine witnesses. Having considered all of the facts and circumstances presented, Relief under Rule 60(b) is not warranted.

## CONCLUSION

Petitioner's motion for reconsideration [#45] is denied.

Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Petitioner has not made a substantial showing of the denial of a constitutional right.

7

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: October 22, 2009
Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge